IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AUTHOR J. MANNING JR., <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY GENERAL, STATE OF TEXAS, IN THE INTEREST OF A.S.M., A MINOR; <br><br> Defendants. | § § § § § § § § § § § § § §   CIVIL ACTION NO.  6:24-CV-00003-JDK |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On December 27, 2023, Plaintiff Author J. Manning filed this civil action, proceeding pro se. Plaintiff did not pay the statutory filing fee or request to proceed *in forma pauperis* ("IFP"); as a result, the court issued a deficiency order. (Doc. No. 4.) Thereafter, Plaintiff filed a motion to proceed IFP. (Doc. No. 5.) Because Plaintiff has requested to proceed IFP, the court will review the pleadings in this action pursuant to 28 U.S.C. § 1915(e)(2).

### BACKGROUND

In his complaint, Plaintiff cites to a state court case in the 307th District Court of Gregg County that he identifies as case number "2001-1995-DR, The State [v.] Author Manning." (Doc. No. 1, at 1.) Plaintiff states that he brings this federal action "[t]o reverse the opinion of the Trial Court." *Id.* Plaintiff's allegations state that an order of the trial court "was a[n] error" and alludes to an alleged incorrect paternity determination whereby Plaintiff was found to be the father of child April S.M. *Id.* Plaintiff appears to be alleging that he never took a paternity test and therefore that

1

any conclusion of the court that he was the father of said child was in error. *Id.* Plaintiff further alleges that the State falsified the paternity test, committing fraud against him. *Id.* at 2.

## DISCUSSION

Although Plaintiff's allegations do not contain many facts and do not clearly delineate which federal claims he intends to assert, construing his claims liberally, it appears that Plaintiff requests that this court: (1) reverse the error of the state court regarding paternity; and (2) consider a claim of fraud against the State.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks" on state-court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The casting of a complaint in the form of a civil rights action cannot circumvent the *Rooker-Feldman* doctrine. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). If the district court is asked to rule on issues that are "inextricably intertwined" with a state court judgment, that court is "in essence being called upon to review the state-court decision" and is therefore divested of jurisdiction. *Feldman*, 460 U.S. at 482.

Here, it is readily apparent that Plaintiff's allegations are inextricably intertwined with the state court's rulings regarding the paternity of child April S.M. (Doc. No. 1.) As discussed above, Plaintiff alleges that he was incorrectly judged to be the father of April S.M. by the trial court due

2

to a falsified paternity test. *Id.* These allegations amount to a collateral attack on the state court's judgment. If a federal question arose in the state proceeding, Plaintiff needed to raise it for the state court to resolve. *Batista v. Carter*, 796 F. App'x 209, 210 (5th Cir. 2020). If the state court erred, Plaintiff's sole federal recourse after exhausting his state appeals was to apply for a writ of certiorari to the United States Supreme Court. *Id*. Instead, Plaintiff has filed this complaint in federal district court.

Further, to the extent that Plaintiff intends to allege an independent claim of fraud against the State, the court lacks subject matter jurisdiction over such a claim. Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1331–32. Federal question jurisdiction exists in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff has not alleged any facts invoking a violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. Rather, Plaintiff's allegations raise only a potential claim of fraud against the State. (*See* Doc. No. 1, at 2.). Although Plaintiff references that the "fraud lead to false arrest and other charges," (Doc. No. 1, at 2), Plaintiff provides no factual details with respect to any "false arrest" or "other charges." As such, the court cannot liberally construe this statement as an allegation intending to assert a constitutional violation. On the facts before the court, no constitutional violation has been alleged. Rather, construing the complaint as a whole, it appears that Plaintiff is again referring solely to the alleged erroneous conduct of the state court for which any claim arising therefrom would be barred by *Rooker-Feldman*. These claims, construed liberally, do not invoke any federal question. Finally, Plaintiff has made no attempt to plead jurisdiction based upon diversity and the complaint is absent of facts that would give rise to diversity jurisdiction. Accordingly, the court lacks jurisdiction over these claims, and they should be dismissed without prejudice.

Because Plaintiff's allegations are inextricably intertwined with the state court's judgment in Plaintiff's paternity proceedings, the court lacks jurisdiction to consider Plaintiff's claims under *Rooker-Feldman*. Further, as discussed, the court lacks subject matter jurisdiction over Plaintiff's fraud claim. As a result, Plaintiff's claims should be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** that Plaintiff's claims asserted in this matter be **DISMISSED** without prejudice for lack of jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within 14 days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 24th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

4