IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AUTHOR J. MANNING JR., | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:24-cv-3-JDK-JDL |
| ATTORNEY GENERAL, STATE OF TEXAS, in the interest of A.S.M., a minor, | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Author J. Manning Jr., proceeding pro se, filed this action on December 27, 2023. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On January 24, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case without prejudice for lack of subject matter jurisdiction. Docket No. 7. Plaintiff objected. Docket No. 10.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff states that the Magistrate Judge erred in dismissing his case because it was related to fraud and for "the State Violating [its] Corporate Responsibility." Docket No. 10. But as the Magistrate Judge explained, the court does not have jurisdiction over Plaintiff's claim for "fraud" that is factually rooted in the state court's judgment regarding the paternity of child April S.M. *See* Docket No. 7 at 2–4 (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

The Magistrate Judge further found that while Plaintiff had used the term "false arrest" in his original complaint, the complaint wholly lacked any factual basis for such a claim that would possibly provide jurisdiction under 28 U.S.C. § 1331. *Id.* at 3. Plaintiff's objections do not elaborate on a claim for false arrest and simply state that "Plaintiff was Falsely Arrested." Docket No. 10. Thus, even to the extent that the court were to accept these threadbare allegations as a basis for subject matter jurisdiction in this case, Plaintiff's claim is still subject to dismissal because it fails to state a claim for false arrest.

An arrest is unlawful if the officer did not have probable cause. *See Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) ("in order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment."); *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) (internal quotation marks omitted) ("The constitutional tort of false arrest . . .

2

require[s] a showing of no probable cause."). Here, Plaintiff has not alleged an arrest without probable cause—he merely states that he was falsely arrested, without more. This conclusory allegation fails to state any facts regarding an alleged Fourth Amendment violation.

Plaintiff's objections instead go on to state that he was in jail for two months, attacked by other prisoners, treated unfairly, refused to be fed once by a guard, and harassed by the child support agency. *Id.* While these allegations, if more thoroughly pleaded, may provide a basis for a federal claim, facts regarding Plaintiff's time in jail were not included in his original complaint. Thus, any claims related to Plaintiff's confinement will not be considered because they were raised for the first time in his objections to the Magistrate Judge's Report and Recommendation. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). To the extent that Plaintiff wishes to pursue these new claims, he may file a new lawsuit, subject to the limits of joinder under the applicable rules of civil procedure.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 7) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

So **ORDERED** and **SIGNED** this **7th** day of **February, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE